UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM F. HENRY,

Plaintiff,

v.

BRANDON ATOCH, and CITY OF OAKVILLE, a Municipal Corporation, organized and existing under the laws of the State of Washington; GRAYS HARBOR COUNTY, a Municipal Corporation, organized and existing under the laws of the State of Washington; SHERIFF MICHAEL J. WHELAN, DEPUTY GAY, DEPUTY WELLS, DEPUTY RAMIREZ, and GRAYS HARBOR COUNTY SHERIFF'S DEPARTMENT, a Municipal Corporation, organized and existing under the laws of the State of Washington,

Defendants.

CASE NO. C11-5740RJB

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the court on Motion for Partial Summary Judgment (Dkt. 22) pursuant to Fed.R.Civ.P. 56, brought by Grays Harbor County, Grays Harbor County Sheriff's Department, City of Oakville, Grays Harbor County Sheriff Michael Whelan, and Grays Harbor County Deputies Gay, Wells and Ramirez ("Grays Harbor County Defendants"[1]). Dkt. 22. Defendant Brandon Atoch is represented by separate counsel, and joins the Motion for Partial Summary Judgment. Dkt. 24. The court has considered the relevant documents and the remainder of the file herein.

RELEVANT FACTS AND PROCEDURAL BACKGROUND

This case arises from the arrest of Plaintiff William Henry on February 19, 2010, for felony harassment. Dkt. 23 at 3 and at 5. *See also* Dkt. 7 at 8-9. Brandon Atoch, the then-Mayor of Oakville, Washington, stated in his statement, signed as a declaration under oath, to Sheriff's Deputy Ramirez (Dkt. 23, Exh. 2 at 6) that on February 18, 2010, Plaintiff made threatening comments to him about Dan Thompson, the Director of Public Works. According to Mr. Atoch's statement, Plaintiff said: "If Dan Thompson ever steps foot on Black Hills Wrangler's Rodeo Grounds again I'll fucking shoot him and call you to come pick up his fucking dead body." Dkt. 23, Exh. 2 at 6. Mr. Atoch felt concerned for his own safety after this incident. Dkt. 23 at 7. Plaintiff in his declaration states he never threatened to kill or cause bodily harm to Mr. Atoch. Dkt. 29 at 3. He does not deny making the threatening statement to Mr. Atoch regarding Mr. Thompson.

On February 19, 2010, Sheriff's Deputies met with Mr. Atoch and Mr. Thompson at Oakville City Hall, and obtained a signed statement from Mr. Atoch and copies of letters that

---

[1] Note that "Grays Harbor County Defendants" includes the City of Oakville for purposes of this order.

Mr. Henry had mailed to City Hall regarding water service in Oakville. Dkt. 23 at 4. The Deputies arrested Plaintiff for felony harassment at his residence, and then transported him to the Grays Harbor County Jail. Dkt. 23 at 5. Plaintiff alleges that the Deputies arrested him without an arrest warrant (Dkt. 7 at 11), and also searched his home without a warrant (Dkt. 7 at 11-12).

On February 20, 2010, the Grays Harbor Superior Court found that there was probable cause to determine that Plaintiff had committed the offense of disorderly conduct. Dkt. 23 at 10. On February 22, 2010, Plaintiff was released after the Prosecuting Attorney for Grays Harbor County dismissed the charges without prejudice. Dkt. 23 at 11. Plaintiff alleges that he was deprived of needed heart medication while in jail, and that not having access to his medication subsequently led to a major heart attack and to heart surgery. Dkt. 7 at 10, Dkt. 29 at 5.

On August 23, 2011, Plaintiff filed this case in the Superior Court for Grays Harbor County. Dkt. 7 at 4. The case was removed to U.S. District Court on September 15, 2011. Dkt. 1.

## FEDERAL AND STATE LAW CLAIMS

The state and federal law claims are unclear from the pleadings. It is not clear what claims are alleged against each defendant, and what facts are intended to support each claim. However, the court has attempted to clarify the nature of the claims by reviewing the record, including the pleadings of the parties. The court notes that Plaintiff attempts to assert respondeat superior (meaning liability through agency) as a claim (Dkt. 7 at 14); however, this is a theory of liability, not a claim. The court therefore considers a fair reading of Plaintiff's claims to be as follows:

*A. Alleged State Law Violations*

1. Defamation, asserted against Defendants Atoch, City of Oakville, and Grays Harbor County;
2. Wrongful arrest without an arrest warrant and without probable cause, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez (RCW 10.31.100);
3. Wrongful search without a warrant at the time of Plaintiff's arrest, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez (RCW 10.79.040);
4. Wrongful search without a warrant after Plaintiff was taken to jail, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez (RCW 10.79.040);
5. Wrongful denial of bail, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez (RCW 10.31.030);
6. Negligence, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez;

7. False imprisonment, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez; and
8. Assault and Battery, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez.

*B. Alleged Federal Law Violations*

1. Violation of unspecified constitutional rights by wrongful arrest without an arrest warrant and without probable cause, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez;
2. Violation of unspecified constitutional rights by wrongful search without a warrant at the time of arrest, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez;
3. Violation of unspecified constitutional rights by wrongful search without a warrant after Plaintiff was taken to jail, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez; and
4. Violation of Plaintiff's rights under the Eighth Amendment of the U.S. Constitution by wrongful denial of bail, asserted against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez.

Dkt. 7 at 4-14.

MOTION FOR PARTIAL SUMMARY JUDGMENT

On February 9, 2012, the Grays Harbor County Defendants filed this Motion for Partial Summary Judgment. Dkt. 22. Those Defendants request that the court dismiss all state and federal law claims against: (1) the City of Oakville; (2) the Grays Harbor County Sheriff's Department; and, (3) Sheriff Michael Whelan. Dkt. 22 at 9-10. Defendants also request that the court dismiss negligence claims against all defendants not in control of the Grays Harbor County Jail, including the City of Oakville, the Grays Harbor Sheriff's Department, Sheriff Whelan, and Deputies Gay, Wells, and Ramirez. According to Defendants, the negligence claim may proceed against Grays Harbor County. Dkt. 22 at 9. The motion was noted for consideration on March 2, 2012.

On February 15, 2012, Defendant Brandon Atoch joined Grays Harbor County Defendants' motion. Dkt. 24.

On March 2, 2012, the Grays Harbor County Defendants filed a reply memorandum in support of summary judgment. Dkt. 25. The Grays Harbor County Defendants pointed to the fact that Plaintiff had not opposed the motion as of the noting date (*See* Dkt. 25 at 2), and requested that the motion be granted. Dkt. 25 at 2.

On March 13, 2012, Plaintiff's counsel filed a response. Dkt. 28. The response was late according to Western District of Washington Local Rule CR 7. In order to determine the matter on the merits, and so that Grays Harbor County Defendants would have the opportunity to reply, the court re-noted the Motion for Partial Summary Judgment for March 21, 2012. Dkt. 30.

On March 15, 2012, the Grays Harbor County Defendants filed a reply requesting that the court grant their Motion for Partial Summary Judgment. Dkt. 34.

LEGAL STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial– e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

DISCUSSION

The complaint in this case is unclear because it does not differentiate clearly between state law claims and federal law claims, and the Motion for Partial Summary Judgment adds to the confusion by not addressing each state and federal claim in turn. It appears that the Motion for Summary Judgment fails to account for all claims and all Defendants. For the sake of clarity, the discussion here follows the structure of the Motion for Partial Summary Judgment, thus the claims are addressed in a different order than in the listing of the claims that begins on page 3, *supra*.

*A. State Law Defamation Claim against the City of Oakville and Grays Harbor County*

To defeat a summary judgment motion in a defamation claim, the plaintiff must demonstrate the existence of all four elements of the claim, including "falsity, an unprivileged communication, fault, and damages." *LaMon v. Butler*, 112 Wn.2d 193, 197 (1989), cert. denied, 493 U.S. 814 (1989). To avoid summary judgment, the plaintiff must raise a material issue of fact for each element. *Mark v. Seattle Times*, 96 Wn.2d 473, 486 (1981), cert. denied, 457 U.S. 1124 (1982).

Plaintiff alleges that Defendants Atoch, City of Oakville, and Grays Harbor County made untrue and damaging statements to the Grays Harbor Sheriff's Department about Plaintiff's reputation. Dkt. 7 at 11. The Grays Harbor County Defendants assert in the Motion for Partial Summary Judgment that there is no evidence that Grays Harbor County or the City of Oakville made any false statements about Plaintiff. Dkt. 22 at 5.

Plaintiff responds that Mr. Atoch communicated an "unprivileged false statement" to the Grays Harbor Sheriff's Department or to the Sheriff's Deputies or to the media that Plaintiff threatened to kill Mr. Atoch and/or Mr. Thompson. Dkt. 28 at 4. Plaintiff supports this claim with counsel's assertion that "plaintiff never threatened to kill Mr. Atoch and/or Mr. Thompson." Dkt. 28 at 4. That assertion is not fully supported by the record (*see* Dkt. 29). Plaintiff additionally claims this "unprivileged communication" caused him to lose the mayoral race. Dkt. 28 at 4.

In their reply, Defendants point to the absence of evidence set forth by Plaintiff to support the assertion that Mr. Atoch spoke with the media, or that any statements were made within the scope of Mr. Atoch's duties as mayor. Dkt. 34 at 4. Defendants also argue that Plaintiff cites to no evidence of fault by the City of Oakville or Grays Harbor County. Dkt. 34 at 4.

Plaintiff has presented no evidence in support of his defamation claim against the City of Oakville and Grays Harbor County, and thus has failed to show that a material issue of fact exists on each element of the defamation claim against the City of Oakville and Grays Harbor County. Therefore, the defamation claim against the City of Oakville and Grays Harbor County should be dismissed.

*B. Section 1983 Civil Rights Claims against Grays Harbor County, the Grays Harbor County Sheriff's Department, and the City of Oakville*

Plaintiff's § 1983 civil rights claims against Grays Harbor County, the Grays Harbor County Sheriff's Department, and the City of Oakville are based on allegations that he was arrested and imprisoned without a warrant and that his home was searched without a warrant. Dkt. 7 at 11-12. Plaintiff also asserts a civil rights claim against Mr. Atoch, which is not

addressed by the Motion for Partial Summary Judgment (Mr. Atoch's Joinder (Dkt. 24) does not request any relief for Mr. Atoch).

Plaintiff further alleges that his constitutional rights were violated when he was denied bail. Dkt. 7 at 12-13.

In their Motion for Partial Summary Judgment, the Grays Harbor County Defendants assert that Plaintiff has failed to identify a policy or custom that caused his alleged deprivation of medication, nor has he identified an unconstitutional municipal policy or custom of Grays Harbor County, the Sheriff's Department or the City of Oakville that caused his alleged injuries. Dkt. 22 at 7.

Plaintiff responds that Grays Harbor County, Grays Harbor County Sherriff's Department and the City of Oakville are liable for violation of municipal policy and customs pursuant to RCW 10.31.030 through a theory of respondeat superior." Dkt. 28 at 5. Defendants reply that Plaintiff fails to identify a municipal policy or custom that caused his alleged injuries or that caused any of the civil rights violations alleged. Dkt. 34 at 5.

To maintain a federal constitutional claim against the municipal defendants, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). *See also Munger v. City of Glasgow Police Department*, 227 F.3d 1082, 1087 (9th Cir. 2000) ("To hold a police department liable for the actions of its officers, the [plaintiff] must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy."). This "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said

to be those of the municipality." *Id*. at 403-404. Thus, a municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *Id*.

Further, it is not enough to merely identify a municipal policy or custom, the plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, the plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* at 404. The fact that "a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably." *Id.* at 406-407.

Moreover, if the plaintiff attempts to impose municipal liability under § 1983 based entirely on this single incident, he must demonstrate that the incident "was caused by an existing unconstitutional municipal policy, which policy can be attributed to a municipal policy maker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). In the absence of an existing unconstitutional policy, "considerably more proof than the single incident will be necessary in every case to establish both requisite fault on the part of the municipality, and the causal connection between the 'policy' and constitutional deprivation." *Id.*

In the present case, Plaintiff has not identified a policy or custom of the City of Oakville, Grays Harbor County, or the Grays Harbor County Sheriff's Department, that caused his injuries. Further, he has not made the showing required under § 1983 that the allegedly unlawful activities resulted from an unconstitutional municipal policy. Because of the lack of evidence supporting Plaintiff's claims, Plaintiff has not met his burden to show that there is a material issue of fact on the claims under 42 U.S.C. § 1983 against the City of Oakville, Grays Harbor County, and Grays

Harbor County Sheriff's Department. The § 1983 civil rights claims based on alleged unlawful arrest, unlawful search, false imprisonment, and denial of bail asserted against the City of Oakville, Grays Harbor County, and the Grays Harbor County Sheriff's Department should be dismissed.

*C. Section 1983 Civil Rights Claim against Sheriff Michael Whelan*

Plaintiff alleges that Sheriff Whelan violated his constitutional rights, under a theory of respondeat superior, otherwise known as a theory of agency. *See* Dkt. 7 at 14. *See also* Dkt. 23 at 22. Grays Harbor County Defendants assert in the Motion for Partial Summary Judgment that Plaintiff has failed to identify the actions of Sheriff Whelan that allegedly violated his constitutional rights, instead alleging only a respondeat superior theory of liability. Dkt. 22 at 7. Defendants also assert in their Motion (Dkt. 22 at 8) and in the reply (Dkt. 34 at 6) that a theory of liability under respondeat superior is no different from a municipal claim. Plaintiff's response reasserts that Sheriff Whelan is liable under RCW 10.31.030 through a theory of respondeat superior. Dkt. 28 at 7.

Under 42 U.S.C. § 1983, the plaintiff must present facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982).

Plaintiff has failed to identify any basis for individual liability of Sheriff Whelan. To the extent that Plaintiff is asserting claims against Sheriff Whelan in his official capacity, his claim is

asserted against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). The court has already concluded that summary judgment is proper on the question of municipal liability. The § 1983 claims against Sheriff Whelan should be dismissed.

*D. State Law Claims of false imprisonment, unlawful search without a warrant, and assault and battery against the City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, and Sheriff Whelan*

Plaintiff also asserts that the City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department and Sheriff Whelan are liable under state law for false imprisonment, unlawful search without a warrant, and for assault and battery, all for the alleged acts of the Grays Harbor County Deputies who arrested Plaintiff. Defendants in their Motion for Partial Summary Judgment assert (1) that the Deputies were not employed by the City of Oakville, and (2) that the state law claims against Grays Harbor County Sheriff's Department and Sheriff Whelan also fail for lack of an employment relationship. Dkt. 22 at 8.

Plaintiff's response asserts that a contract giving the Sheriff's Department authority and jurisdiction in Oakville is evidence that the Deputies were employed by Oakville. Dkt. 28 at 7. To this assertion, Grays Harbor County Defendants reply that Plaintiff has given no evidence to support that theory against the moving defendants. Dkt. 34 at 7.

*City of Oakville:*

While an employer may be liable for acts committed by an employee within the scope of the employee's employment, there is no evidence that the Sheriff's Deputies were employed by the City of Oakville. The court concurs with the analysis in the Motion for Partial summary judgment. The City of Oakville should be dismissed as a defendant on these claims.

*Grays Harbor County Sheriff's Department and Sheriff Whelan:*

The Grays Harbor County Defendants assert that there is no basis to name the Grays Harbor County Sheriff's Department and Sheriff Whelan as defendants for purposes of a state law claim where respondeat superior is the only basis of employer liability. Dkt. 22 at 8. RCW 36.01.010 provides:

> The several counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law; to purchase and hold lands; to make such contracts, and to purchase and hold such personal property, as may be necessary to their corporate or administrative powers, and to do all other necessary acts in relation to all the property of the county.

Furthermore, RCW 36.01.020 requires that a county be the named party in any complaint for respondeat superior claims. It provides: "The name of a county, designated by law, is its corporate name, and it must be known and designated thereby in all actions and proceedings touching its corporate rights, property, and duties." RCW 36.01.020. The question of identifying a corporate entity arose in *Nolan v. Snohomish County*, 59 Wn.App. 876 (1990), where the court made it clear that one must sue the county, not a county officer or department: "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Id.* at 883.

Grays Harbor County is the only appropriate defendant on a theory of respondeat superior. Therefore, the Grays Harbor County Sheriff's Department and Sheriff Whelan, in addition to the City of Oakville, as already discussed, should be dismissed as defendants on the state law claims of false imprisonment, assault and battery, and unlawful search without a warrant, because they are not employers of the Deputies who allegedly arrested Plaintiff.

*Grays Harbor County:*

The Grays Harbor County Defendants' Motion for Partial Summary Judgment does not appear to address the state law claims of false imprisonment, assault and battery against Grays

Harbor County for the acts of the Grays Harbor County Sheriff's Deputies. The issue is not before the court.

*E. State Law Claim for Alleged Wrongful Denial of Bail*

The Grays Harbor County Defendants' Motion for Partial Summary Judgment does not appear to address the state law claim of wrongful denial of bail under RCW 10.31.030, alleged against Defendants Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputy Gay, Deputy Wells, and Deputy Ramirez. Dkt. 7 at 12. Because the Grays Harbor County Defendants do not appear to address this state law claim, the issue is not before the court.

*F. State Law Negligence Claim against Defendants Not in Control of the Jail*

Plaintiff also asserts a negligence claim for the alleged failure of the Grays Harbor County Jail to provide him with his heart medication while he was incarcerated. Dkt. 7 at 13. However, Plaintiff fails to show a material issue of fact regarding the liability of the Defendants not in control of the jail, including the City of Oakville, the Grays Harbor Sheriff's Department, Sheriff Whelan and Deputies Gay, Wells and Ramirez. These defendants should be dismissed on this claim because the only proper defendant is Grays Harbor County for a claim against the Grays Harbor County Jail.

ORDER

Therefore, it is hereby

**ORDERED** that the Grays Harbor County Defendants' Motion for Partial Summary Judgment (Dkt. 22) is **GRANTED**, and (1) all causes of action are **DISMISSED** against the City of Oakville **EXCEPT** Wrongful denial of bail; (2) all causes of action are **DISMISSED** against the Grays Harbor County Sheriff's Department **EXCEPT** Wrongful denial of bail; (3) all causes

of action are **DISMISSED** against Sheriff Michael Whelan **EXCEPT** Wrongful denial of bail; and (4) The negligence claim is **DISMISSED** against all defendants **EXCEPT** Grays Harbor County.

The remaining claims are as follows:

*State Law Claims*

1. Defamation against Brandon Atoch.
2. Wrongful arrest without an arrest warrant and without probable cause, against Brandon Atoch and Deputies Gay, Wells, and Ramirez;
3. Wrongful search without a warrant at the time of Plaintiff's arrest, against Brandon Atoch and Deputies Gay, Wells, and Ramirez;
4. Wrongful search without a warrant after Plaintiff was taken to jail, asserted against Brandon Atoch and Deputies Gay, Wells, and Ramirez;
5. Wrongful denial of bail against Brandon Atoch, City of Oakville, Grays Harbor County, Grays Harbor County Sheriff's Department, Sheriff Michael J. Whelan, Deputies Gay, Wells, and Ramirez;
6. Negligence, against Brandon Atoch and Grays Harbor County;
7. False imprisonment, against Brandon Atoch, Grays Harbor County, and Deputies Gay, Wells, and Ramirez; and
8. Assault and Battery against Brandon Atoch and Deputies Gay, Wells, and Ramirez.

*Federal Law Claims*

1. Violation of unspecified constitutional rights by wrongful arrest without an arrest warrant and without probable cause, against Brandon Atoch and Deputies Gay, Wells, and Ramirez;

2. Violation of unspecified constitutional rights by wrongful search without a warrant at the time of arrest, against Brandon Atoch and Deputies Gay, Wells, and Ramirez;

3. Violation of unspecified constitutional rights by wrongful search without a warrant after Plaintiff was taken to jail, against Brandon Atoch and Deputies Gay, Wells, and Ramirez; and

4. Violation of Plaintiff's rights under the Eighth Amendment of the U.S. Constitution by wrongful denial of bail, against Brandon Atoch and Deputies Gay, Wells, and Ramirez.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of March, 2012.

ROBERT J. BRYAN
United States District Judge